### HARRY DAVIS v. THE STATE.

No. 3304.   Decided November 4, 1914.

Rehearing denied November 18, 1914.

**1.—Murder—Sufficiency of the Evidence—Death Penalty.**

Where, upon trial of murder and a conviction assessing the death penalty, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

In the absence of a bill of exceptions to matters complained of during the trial, the same can not be reviewed on appeal. However, when considered, there was no reversible error.

Appeal from the District Court of Travis.   Tried below before the Hon. George Calhoun.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*D. L. Graham,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder, and his punishment assessed at death.

There is a full statement of facts in the record which we have carefully read and studied. There is no question that appellant killed the deceased. Not only he, but three other eyewitnesses so testified. His sole defense was self-defense. He alone testified to that. The other three eyewitnesses who testified disputed him specifically and distinctly. The court and jury believed them and not him.

The court gave a full, fair and complete charge aptly applicable to the law and the evidence adduced. No complaint whatever was made thereto. The evidence was amply sufficient to authorize the jury to believe and find as it did, that appellant, a matured negro young man, had kept and lived in adultery with the deceased, a grown negro woman, for a considerable time before he killed her; that very recently before

he killed her she received the attention and preferred another negro man to him, which made him jealous and, in effect, he threatened to kill her because thereof; that his killing her was inspired because of his jealousy and revenge for her threatening to quit him and take the other negro man in preference. He killed her between 8 and 9 o'clock one night. She was at her house with another negro woman and two negro men at the time of the killing. She and the other negro woman were sitting on her bed. He came into the room with a large pocket-knife, either then opened or he opened it immediately after he stepped into the room. He deliberately and coolly walked up to her, put his hand on her shoulder, and stabbed her in the neck with the knife, evidently severing her jugular vein, when she was doing and saying nothing whatever to him which caused it. Blood spurted from the wound immediately some distance. He fled, hid, and avoided arrest for five days. Immediately after being stabbed she arose, walked out of the room and died. We think it wholly unnecessary to detail the evidence. The evidence was amply sufficient to sustain the verdict.

Appellant has no bill of exceptions in the record. It seems took none during the trial. In his motion for new trial signed by his attorney and sworn to by no one, he complains of some matters occurring during the trial. None of them, as stated, are verified by a bill of exceptions or an affidavit. We have considered them all, however. None of them, even if they could be properly considered, present any reversible error.

The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied November 18, 1914.—Reporter.]